# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.                                                                   Case No. 14-CR-10

**WILLIE HUERTA,**

    **Defendant.**

## ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY

This matter comes before the Court on defendant Willie Huerta's motion to compel discovery. Specifically, Huerta seeks to compel the government to disclose law enforcement officers' notes of their interrogation of Huerta pursuant to Fed. R. Crim. P. 16(a)(1)(A). (Docket # 20.) The government opposes the motion, arguing that the notes of the interview are not a verbatim transcript of the interview, but are rather simply handwritten notes. (Docket # 21.)

Federal Rule of Criminal Procedure 16(a)(1) provides, in relevant part, that upon a defendant's request, the government must disclose to the defendant: (A) the substance of any relevant oral statement made by the defendant in response to interrogation by a government agent, if the government intends to use the statement at trial; (B)(i) any relevant written or recorded statement by the defendant; (B)(ii) the portion of any written record containing the substance of any relevant oral statement made by the defendant in response to interrogation by a government agent; and (B)(iii) the defendant's recorded testimony before a grand jury relating to the charged offense. Additionally, Federal Rule of Criminal Procedure 26.2 tracks the language of the Jencks Act, requiring production of a witness's statement, defined as "(1) a written statement that the witness makes and signs, or

otherwise adopts or approves; (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement." Fed. R. Crim. P. 26.2(f); *see also* 18 U.S.C. § 3500(e).

Rule 16 is satisfied when the government provides the defendant a written report that accurately reflects all of the information contained "in an agent's original notes but does not deliver the notes themselves to the defendant." *United States v. Coe*, 220 F.3d 573, 583 (7th Cir. 2000) (citing *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997)); *see also United States v. Walker*, 272 F.3d 407, 417 (7th Cir. 2001) (district court did not abuse its discretion in refusing to order the disclosure of handwritten notes where the government had disclosed a typewritten report that accurately summarized the notes). Likewise, to the extent that the written reports accurately reflect the agents' handwritten notes of the interviews, the written reports sufficiently provide exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963), and witness credibility material under *Giglio v. United States*, 405 U.S. 150 (1972). Moreover, agent notes, even including jottings by the testifying witnesses, need not be produced under the Jencks Act if they are not a full transcription of a witness's statement. *See United States v. Oruche*, 484 F.3d 590, 598 (D.C. Cir. 2007).

In this case, Huerta asserts that the report turned over in the discovery does not contain all that was in the original interrogation. This is a different question than whether the written report of the interrogation accurately reflects all the information contained in the agents' notes. If the reports have incorporarated the notes, even if it does not capture the entirety of the interrogation, the government has met its obligation under Rule 16. A gap in the memorialization of the interrogation

in the report, provided that the report incorporates the notes, is not necessarily remedied by disclosure of the notes, but rather by cross-examination at trial.

By the same token, the government does not reply that the written report incorporates the agents' notes. Rather, the government replies that the notes are not a verbatim transcript of the interview. As stated above, agents' notes need not be produced under the Jencks Act if they are not a full transcription of a witness's statement. However, the question remains whether the written report summarizes the original notes. *See Muhammad*, 120 F.3d at 699.

Accordingly, to resolve this dispute, the court will review the agents' notes *in camera* to determine whether the written report incorporates the agent's original notes. However, whether the reports capture the entirety of the interrogation, "the interrogators' practices," or the interrogators' recollection of events is beyond the scope of the *in camera* inspection. These are matters for the jury to decide. The government is therefore ordered to produce the agent's handwritten notes, together with the produced report purportedly reflecting those notes, for *in camera* inspection.

**NOW, THEREFORE, IT IS ORDERED** that the government provide the court with the agent's handwritten notes, together with the produced report purportedly reflecting those notes, for *in camera* inspection no later than April 7, 2014.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge